UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TODD M. EVCHICH,

                              Plaintiff,                    04-CV-0510S(Sr)

v.

MICHAEL SULLIVAN, et al.,

                              Defendants.

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #89.

Currently before the Court is defendants'[1] motion to dismiss the case for failure to prosecute.  Dkt. #87.  For the following reasons, it is recommended that the motion be granted.

### BACKGROUND

Plaintiff, proceeding *pro se*, alleges that during the course of his arrest on March 24, 2004, he was physically assaulted by defendant police officers while other officers stood idly by and allowed the assault to continue.  Dkt. #8.  Although plaintiff filed his complaint on July 14, 2004 and amended complaint on October 1, 2004, and

---

[1] Although the motion was filed by defendants Anthony Disarno, Brian Britzzalaro, Thomas Feeney and Thomas Kurdziel, defendants Michael Sullivan, Michael Delong and Timothy Ring requested and were granted permission to join in the motion during the status conference on August 19, 2008.

defendants filed their answers in November and December of 2004, plaintiff's request that his civil case be stayed pending resolution of his criminal case delayed entry of a Case Management Order until August 22, 2006. Dkt. #69.

> The final paragraph of the Case Management Order states as follows:
>
> Sanctions: All parties attention is directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court. The plaintiff is reminded that it is his/her responsibility to keep the Court informed of his/her current address.

Dkt. #69. An Amended Case Management Order included the same warning. Dkt. #74. Moreover, Rule 5.2(d) of the Local Rules of Civil Procedure provides that

> A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant. Papers sent to this address will be assumed to have been received by plaintiff.
>
> In addition, the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice.

In a Text Order rescheduling a settlement conference due to uncertainty regarding plaintiff's whereabouts, the Court reminded plaintiff that

> failure to respond to this order or to otherwise comply with the Federal Rules of Civil Procedure or any other order of this Court may result in the dismissal of this action on the merits. It is plaintiff's responsibility to keep the Court informed of his current address.

Dkt. #78. In response, plaintiff informed the Court that he was at the Erie County Holding Center. Dkt. #79.

On December 10, 2007, plaintiff telephoned the Court and advised that he was no longer incarcerated, but lacked transportation to attend the settlement conference. Dkt. #80. The Court rescheduled the conference for January 8, 2008 and directed the personal appearance of all parties on that date. Dkt. #80. Plaintiff failed to appear on that date, prompting the Court to Order plaintiff to appear on January 24, 2008 to show cause

> why the case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Failure to comply with this Order will result in the dismissal of this action with prejudice.

Dkt. #83. Plaintiff did not appear as directed, prompting the Court to advise defendants to move for dismissal of this action before the district court. Dkt. ##84 & 87-8. Defendants filed their motion to dismiss on February 5, 2008 and Judge Skretny referred the motion to the undersigned on February 20, 2008. Dkt. ##87 & 89.

By letter dated February 12, 2008, plaintiff advised the Court that he was incarcerated at the Erie County Holding Center, prompting the Court to schedule a status conference on March 31, 2008. Dkt. #90. That Order was returned for lack of a sufficient address for plaintiff. On March 31, 2008, defendants' counsel advised the Court that plaintiff was released from the Erie County Holding Center on March 14, 2008. Defendants' counsel also advised the Court that the Erie County Holding Center had confirmed plaintiff's incarceration from December 26, 2007 to January 3, 2008; February 7, 2008 to February 21, 2008; and February 26, 2008 through March 14, 2008. Thus, plaintiff was not incarcerated on December 10, 2007; January 8, 2008; January 24, 2008; or March 31, 2008, the dates on which court conferences were scheduled.

By letter dated June 16, 2008, plaintiff acknowledged that he "missed a Court date and have not been in touch with the Courts for the last 2 months." The letter was mailed from the Erie County Correctional Facility. By letter dated June 19, 2008, plaintiff advised the Court that his address had changed to the Erie County Correctional Facility. The Court scheduled a status conference for August 19, 2008, at which time the Court directed defendants to provide plaintiff with a copy of the motion to dismiss and directed plaintiff to respond to the motion no later than September 19, 2008. Dkt. #95. During the course of the conference, the Court advised plaintiff that in response to the motion, he needed to explain why he had missed court conferences and had failed to advise of his whereabouts. The Court again reminded plaintiff that it was his obligation to keep the Court informed of his current address. Dkt. #95.

Plaintiff requested an extension of time through October 19, 2008. Dkt. #96. The Court granted the extension. Dkt. #97. Plaintiff requested an additional three weeks to respond to the motion, but has yet to file any response to the motion to dismiss. Dkt. #99.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

If the plaintiff fails to prosecute or to comply with these rules
or a court order, a defendant may move to dismiss the action
or any claim against it. Unless the dismissal order states
otherwise, a dismissal under this subdivision . . . operates as
an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has

repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *Id.* (internal quotation omitted).

With respect to the first factor, the Court notes that as a result of plaintiff's failure to advise the Court of his whereabouts and respond to the motion to dismiss, there has been no progress in the prosecution of this matter for more than a year. With respect to the second factor, the Court notes that plaintiff has been specifically advised, orally and in writing, that his failure to keep the Court informed of his address, attend court conferences and respond to motions, *inter alia*, could result in the dismissal of this action on the merits. Dkt. ##69, 74, 78 & 83. More specifically, the Court notes that plaintiff failed to appear at a settlement conference despite being advised that his failure to appear could result in the dismissal of this action on the merits; failed to respond to an Order to Show Cause why this matter should not be dismissed for failure to prosecute

pursuant to Fed. R. Civ. P. 41(b), which specifically advised that "[f]ailure to comply with this Order will result in the dismissal of this action with prejudice," and failed to respond to a motion to dismiss, despite being advised during a conference call that he must respond to the motion and despite being given multiple extensions of time to do so. Dkt. ##78, 83 & 95.

Although the defendant has not articulated any specific prejudice from the delay, the underlying facts set forth in the complaint arise from an arrest in March of 2004, and it does not appear to the Court that any significant discovery has been completed. This, of course, raises concern of prejudice from witnesses who can no longer be located and whose memories may have faded. Moreover, the individual defendants continue to be subject to a lawsuit which attacks their fitness as law enforcement officers without hope of timely resolution.

With respect to the fourth factor, it is difficult to fathom how the Court could be more sensitive to plaintiff's right to due process or how the Court could afford plaintiff any more opportunity to be heard. The Court has repeatedly rescheduled conferences and routinely permitted appearance by telephone. Moreover, the Court made clear to plaintiff during the most recent conference that in response to the motion to dismiss, he was required to explain to the Court why he had failed to follow the Court's directives to inform the Court of his whereabouts and appear as ordered. Finally, the Court is stymied as to any lesser sanction than dismissal which could preserve the integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff. As the Court noted during the most recent conference with plaintiff, there are many *pro se* plaintiffs who

appear before the Court and the overwhelming majority of them manage to comply with the Court's directives and prosecute their claims in a timely fashion. To permit plaintiff's case to proceed despite his complete disregard for the reasonable directives of the Court would eviscerate the semblance of any procedural standards for *pro se* plaintiffs.

Accordingly, it is recommended that defendants' motion to dismiss for failure to prosecute (Dkt. #87), be **GRANTED** and that this case be dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to plaintiff at his last known address and to counsel for the defendants.

DATED:   Buffalo, New York
         January 5, 2009

                                              **s/ H. Kenneth Schroeder, Jr.**
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**